# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION

NO. 5:09-CR-00259-FL-2
NO. 5:12-CV-00008-FL

| | |
|---|---|
| DONTE MONTRELL JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon respondent government's motion to dismiss (DE-140) petitioner Donte Montrell Jones's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate") (DE-135). Jones has not filed a response, and the time for doing so has expired. Accordingly, the government's motion to dismiss is ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the following reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-140) be GRANTED.

**I. BACKGROUND**

On November 3, 2009, Jones pled guilty pursuant to a written plea agreement to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. (DE-49, DE-51). In the plea agreement, Jones agreed, *inter alia*, to

1

> waive knowingly and expressly the right to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective counsel or prosecutorial misconduct not known to defendant at the time of defendant's guilty plea.

Plea Agreement, 1, DE-51. For its part, the government agreed to dismiss count two of the indictment. In addition, both parties agreed to a downward adjustment of three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The plea agreement expressly advised Jones that violation of 21 U.S.C. § 846 carried a maximum term of imprisonment of life, and that

> the Court is not bound by any sentence recommendation or agreement as to the advisory Guideline application, that the sentence has not yet been determined by the Court, that any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, defendant may not withdraw the plea of guilty.

*Id.* at 4.

After a lengthy plea colloquy with Jones to establish his competency and understanding of the plea agreement, Arraignment Hr'g Tr. 9-17, DE-128, the Court found that the plea was knowing, voluntary, and supported by an independent factual basis. Arraignment Hr'g Tr. 21:10-12.

The district court held a sentencing hearing on January 21, 2011. (DE-110). At the hearing, defense counsel objected to the drug quantities attributed to Jones and argued that information provided by a confidential source was inconsistent and therefore unreliable. Sentencing Hr'g Tr. 5:20-25, 6:1-16. In response, the government defended the reliability of the confidential source. *Id.* at 6:19-25; 7:1-16. The district court overruled the objection, finding that "the government has sustained its burden with reference to the manner in which these statements were obtained and with reference to the cooperating source who provided this

2

information, and his reliability or her reliability." *Id.* at 10:7-10. The district court ultimately sentenced Jones to 303 months' imprisonment. (DE-112).

Jones sought review with the United States Court of Appeals for the Fourth Circuit, which, on August 8, 2011, dismissed Jones's appeal as barred by the appeal waiver in his plea agreement. In its decision, the Fourth Circuit concluded that Jones knowingly and voluntarily pled guilty. (DE-130). Jones did not petition the United States Supreme Court for writ of certiorari.

Jones filed the instant pro se motion to vacate his sentence on January 6, 2012, raising issues of ineffective assistance of counsel, sufficiency of the evidence, and purported perjury. The government contends these issues are without merit and asks the Court to dismiss Jones's motion to vacate.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

The government has filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, a plaintiff must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The facts alleged must "raise a right to relief above the speculative level," *id.* at 555, and the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

3

inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id.  A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950.  Without such "heft," claims cannot establish a valid entitlement to relief, as facts that are "merely consistent with" a defendant's liability, Twombly, 550 U.S. at 557, fail to nudge claims "across the line from conceivable to plausible." Id. at 570.

**B.    28 U.S.C. § 2255**

Under section 2255, Title 28 of the United States Code, a petitioner may obtain relief from his sentence if he can show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."   28 U.S.C. § 2255(a).  The burden is on the petitioner to establish his claim to relief by a preponderance of the evidence.  *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

**C.    Effect of Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime.  McCarthy v. United States, 394 U.S. 459, 466 (1969).  The sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable

4

barrier against any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [defense counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Notably, statements made by a defendant during a hearing to accept a guilty plea are subject to a strong presumption of veracity, and challenges under 28 U.S.C. § 2255 that contradict these statements may generally be dismissed:

> '[A] defendant's solemn declarations in open court . . . "carry a strong presumption of verity"' . . . because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . 'Indeed, because they do carry such a presumption, they present "a formidable barrier in any subsequent collateral proceedings."' Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated–"permitting quick disposition of baseless collateral attacks."

United States v. Lemaster, 403 F.3d 216, 221-222 (4th Cir. 2005) (internal citations and quotations omitted).

5

**D. Ineffective Assistance of Counsel**

Jones asserts his counsel was constitutionally deficient. To state a viable claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* Concerning the second prong in the context of a guilty plea, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). "To demonstrate prejudice at sentencing, petitioner must show a reasonable probability that he would have received a more lenient sentence if not for counsel's errors." Whitley v. United States, Nos. 7:07-CR-142-FL, 7:09-CV-144-FL, 2011 U.S. Dist. LEXIS 56799, at *7 (E.D.N.C. May 24, 2011) (citing Glover v. United States, 531 U.S. 198, 202-04 (2001) and United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished)).

With these legal precepts in mind, the undersigned considers the claims made by Jones in the instant motion to vacate.

## III. ANALYSIS

Jones asserts three grounds for relief in his motion to vacate, addressed in turn.

### A. Ground One: Ineffective Assistance of Counsel

Jones contends his counsel was ineffective by providing an inaccurate estimate of his sentence.

6

Jones was "under the impression that by signing [the] plea that [his] objection would be accepted and [he] would be se[n]tenced with a 135 to 168 month imprisonment range[.]" Mot. Vacate, 4, DE-135. This argument fails to state a claim upon which relief may be granted.

First, as the government notes, Jones's statement of belief that his "objection would be accepted" if he signed the plea agreement makes no sense inasmuch as the defense objections to the drug quantities relied upon in the presentence investigation report did not arise until well after Jones entered his plea. Furthermore, the plea agreement contains no stipulations as to drug quantities or other relevant conduct for purposes of sentencing, and Jones confirmed during his Rule 11 hearing that there had been no promises made to him during plea negotiations that had not been written down in the memorandum of plea agreement. Arraignment Hr'g Tr. 15:6-9, DE-128. As noted above, any § 2255 motion that necessarily relies on allegations that contradict the sworn statements made in the course of a Rule 11 colloquy should be summarily dismissed. Lemaster, 403 F.3d at 222.

Even assuming that defense counsel informed Jones that he would receive a sentence in the range of 135-168 months, however, an attorney's inaccurate estimation of the applicable sentencing range does not constitute ineffective assistance, so long as the defendant is informed of the maximum punishment provided by statute and advised that any estimate of the sentence is not a promise, as Jones was here. United States v. Lambey, 974 F.2d 1389, 1396 (4th Cir. 1992); *see also* United States v. Gosain, 991 F.2d 791 [published in full-text format at 1993 U.S. App. LEXIS 3368], at *4-5 (4th Cir. Feb. 19, 1993) (unpublished table decision) ("[T]his Court has held that an attorney's bad estimate of the likely sentence does not invalidate a guilty plea when the district court informs the defendant that his sentence cannot be specifically predicted and the defendant acknowledges that he understands that to be the case.").

7

Finally, Jones has not stated, or even suggested that but for counsel's alleged error he would not have pled guilty and would have insisted upon going to trial. Accordingly, Jones's claim of ineffective assistance of counsel fails to state a claim as a matter of law and should be dismissed.

**B. <u>Ground Two: Insufficient Evidence of Drug Quantities</u>**

Jones argues there was insufficient evidence of the drug quantities in his case, because information provided by a confidential informant was inconsistent and therefore unreliable. However, Jones has waived his right to contest his conviction or sentence, including by § 2255 motion, except for an appeal or motion based upon ineffective assistance of counsel or prosecutorial misconduct not known to him at the time he pled guilty. The Fourth Circuit has held that a defendant can, through a plea agreement, waive his appellate rights, as well as the right to collaterally attack his conviction. *See, e.g.*, <u>United States v. Poindexter</u>, 492 F.3d 263, 267-268 (4th Cir. 2007); <u>Lemaster</u>, 403 F.3d at 220. These waivers are valid and enforceable so long as they are knowing and voluntary. *See* <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005); <u>Lemaster</u>, 403 F.3d at 220. In reviewing Jones's case on appeal, the Fourth Circuit determined "that Jones knowingly and voluntarily waived his right to appeal." Order, Aug. 8, 2011, DE-130. As such, Jones has waived his right to challenge the evidence in his case.

Moreover, at the sentencing hearing, defense counsel made the precise argument Jones now seeks to re-litigate. From the exhibits he has attached to his motion to vacate, it further appears that Jones attempted to raise this argument on direct appeal. *See* Supporting Documents, 2-3, DE-135-1. Jones is therefore precluded from reconsideration of this issue. *See* <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182, 1183 (4th Cir. 1976) (stating that a defendant may not "recast, under the guise of a collateral attack, questions fully considered by this court [on direct appeal]"). The undersigned therefore recommends that the government's motion to dismiss Ground Two be

8

granted.

   C. <u>**Ground Three: Perjured Testimony**</u>

Finally, Jones alleges that the case agent "committed perjury and coached [the] informant into lying." Mot. Vacate, 8, DE-135. This argument represents an indirect attack on the evidence provided by the confidential informant, however, and it is precluded by the plea agreement waiver. And although Jones claims the confidential informant lied, the district court considered defense counsel's challenge to the information provided by the confidential source and determined that the government "sustained its burden with reference to the manner in which these statements were obtained and with reference to the cooperating source who provided this information, and his reliability or her reliability." Sentencing Hr'g Tr. 10:7-10.

To the extent Jones may be attempting to state a claim of prosecutorial misconduct, he has failed to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. Jones provides no details or facts in support of his claim, other than to allege that "main Detective [Billy D. Greenwood] has resigned or been fired due to committing perjury." Detective Greenwood did not testify at the sentencing hearing, however, and it is therefore unclear when or under what circumstances this purported perjury occurred, or how it could have affected Jones's case. Jones does not specify how Detective Greenwood lied, or what he lied about. Even if Detective Greenwood "coached the informant into lying" as Jones claims, Jones does not allege that the prosecutor knowingly presented false information to the district court. *See* United States v. Roane, 378 F.3d 382, 401 (4th Cir. 2004) (finding that conclusory accusations that the government should have known that a statement was false, without more, do not warrant an evidentiary hearing for purposes of motion to vacate sentence in which defendant alleges that government knowingly

9

presented perjured testimony in violation of due process clause).  Jones's vague, conclusory, and unsupported allegations of misconduct cannot withstand the government's motion to dismiss. *See* Iqbal, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice.").  The undersigned therefore recommends that the government's motion to dismiss Ground Three be granted.

## IV.  **CONCLUSION**

Because Jones fails to show that his counsel's performance was objectively unreasonable or demonstrate that prejudice resulted from his counsel's errors, the undersigned finds that Jones has not sustained his claim of ineffective assistance of counsel.  The undersigned further concludes that Jones has waived his right to challenge his conviction or sentence by virtue of his valid guilty plea.  Finally, Jones has failed to allege sufficient facts to state a claim for prosecutorial misconduct.  Thus, for the foregoing reasons, it is hereby RECOMMENDED that the government's motion to dismiss (DE-140) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, October 31, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

10

Case 5:09-cr-00259-FL   Document 160   Filed 10/31/12   Page 10 of 10