UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-259-FL-2
NO. 5:12-CV-8-FL

| DONTE MONTRELL JONES, | ) | |
|---|---|---|
| | ) | |
| Petitioner | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (DE 135), and the government's motion to dismiss (DE 140). Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge William A. Webb entered memorandum and recommendation ("M&R") wherein it is recommended the court grant the government's motion to dismiss and deny petitioner's motion to vacate (DE 160). Petitioner filed an objection and the government replied. Subsequently, petitioner filed a motion for leave to file supplemental brief (DE 175) and motion to amend (DE 178). Issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R in full, denies petitioner's motion to vacate, grants the government's motion to dismiss, and denies petitioner's remaining motions.

**BACKGROUND**

On November 3, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. Under this agreement,

petitioner agreed to "waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to [petitioner] at the time of [petitioner's] guilty plea." (Plea Agreement 1). As noted in the M&R, petitioner testified at arraignment that he was not threatened or forced to plead guilty and that he understood the terms of the plea agreement – including the waivers restricting his right to appeal and collaterally attack his sentence.

A presentence investigation report prepared and revised in advance of sentencing calculated a guideline range for imprisonment of 262 to 327 months. At sentencing, the court overruled objections by defendant regarding calculation of drug quantity and two-level enhancement for possession of a dangerous weapon. (DE 126 at 10-11). The court sentenced petitioner to a term of 303 months' imprisonment. Petitioner appealed, and the appeal was dismissed on the basis that it was barred by the waiver in his plea agreement.

Petitioner filed the instant motion to vacate on January 6, 2012, asserting ineffective assistance of counsel, insufficient evidence of drug quantity, and perjured testimony by a government agent. The government moved to dismiss on the basis of waiver in the plea agreement and on the basis that the ineffective assistance of counsel claim is without merit.

**COURT'S DISCUSSION**

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a

2

specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

B.  Analysis

   1. Objection to M&R

In his objection to the M&R, petitioner objects to the determination by the magistrate judge that petitioner failed to establish a claim based upon ineffective assistance of counsel. Petitioner makes no argument with respect to the determination in the M&R that petitioner's remaining claims are barred by the waiver in his plea agreement. Indeed, petitioner expressly waives further reliance on those claims. (Obj. 2). Accordingly, the court adopts the determination in the M&R that petitioner's claims other than ineffective assistance of counsel are barred by the waiver in his plea agreement.

With respect to ineffective assistance of counsel, petitioner argued that his counsel was ineffective in failing to ensure the sentencing guidelines were correctly applied at his sentencing, particularly with respect to calculation of drug quantity. (Obj. 5-10). To state a claim for ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. Second, petitioner must show that he was prejudiced by the ineffective assistance to the extent that there is a reasonable probability that but

3

for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694.

The M&R correctly determined that petitioner failed to establish that counsel's performance fell below an objective standard of reasonableness. The additional assertions raised by petitioner in his objections regarding calculation of the guidelines range in this case are unavailing. As noted above, the court considered and adopted the advisory guideline range of 262 to 327 months based upon information provided in the presentence report, over vigorous objection lodged prior to sentencing and argument presented at sentencing by defense counsel as to calculation of drug quantity. Accordingly, the court finds that petitioner has failed to establish defective performance by counsel, or that but for counsel's alleged errors the outcome of the proceedings would have been different. Thus, petitioner's ineffective assistance of counsel claim must be dismissed.

2. Motions to Supplement and to Amend

On June 28, 2013, petitioner filed a motion for supplemental brief under Federal Rule of Civil Procedure 15 in light of the Supreme Court's ruling in Alleyne v. United States, 133 S.Ct. 2151 (2013), and on July 31, 2013, he filed a motion to amend asserting as additional allegations that he received enhancements in his sentence for crimes to which he did not plead guilty. These motions are without merit and must be denied because the motions and proposed additional assertions are futile. Plaintiff's asserted claims based upon errors in sentencing calculation are barred by the waiver in his plea agreement. Moreover, Alleyne is inapplicable here. There, the Supreme Court held that "any fact that increases the mandatory minimum [sentence] is an 'element'" of the offense that must be admitted by the defendant or proved beyond a reasonable doubt. Alleyne, 133 S. Ct. at 2155. Here, defendant was not subject to an enhanced mandatory minimum sentence. Rather,

4

defendant was subject to a ten-year mandatory minimum for the offense to which he pled guilty, conspiracy to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, under 21 U.S.C. § 841, which is the lowest mandatory minimum penalty provided for such offense. Thus, Alleyne provides defendant no relief.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and that none of the issues presented by petitioner are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, upon *de novo* review, the court OVERRULES petitioner's objections to the M&R, and ADOPTS the findings and recommendations therein as its own. The government's motion to dismiss (DE 140) is GRANTED and petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (DE 135) is DENIED. Petitioner's motions to supplement and to amend (DE 175, 178) are DENIED. The court also DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 4th day of November, 2013.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge