IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CR-259-FL-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| DONTE MONTRELL JONES, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motions for reduction of sentence pursuant to the First Step Act of 2018 (DE 292, 305), and for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (DE 335). The government responded in opposition to defendant's First Step Act motions and did not respond to the motion for compassionate release. In this posture, the issues raised are ripe for ruling. For the reasons stated below, the court denies the motions.

**BACKGROUND**

On November 3, 2009, defendant pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute and distribute five kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The court held defendant's sentencing hearing on January 21, 2011. The presentence investigation report, which the court adopted, determined defendant's Guidelines range was 262 to 327 months' imprisonment, based on offense level 37 and criminal history category III. Defendant's offense level was based in part on his distribution of 15 kilograms of cocaine base and 14 kilograms of cocaine, and enhancement for possession of a firearm. Defendant's criminal history included three North Carolina felony convictions for possession with the intent to sell and deliver cocaine, three misdemeanor

convictions for possession of controlled substances, and numerous probation violations. The court sentenced defendant to 303 months' imprisonment and five years' supervised release.

On February 1, 2016, defendant moved for sentence reduction pursuant to Amendment 782 to the Guidelines, which retroactively reduced the base offense levels for offenses involving cocaine base. The court granted the motion on February 18, 2016, reducing defendant's custodial sentence to 243 months' imprisonment.

Defendant filed the instant motion for reduction of sentence pursuant to the First Step Act on April 1, 2019, and filed supplemental motion on October 23, 2019. The government responded in opposition on November 5, 2019. Defendant replied on November 21, 2019.

Defendant filed the instant motion for compassionate release on November 12, 2020, arguing that he recently contracted the communicable disease known as COVID-19. The government did not respond to defendant's motion for compassionate release.

## COURT'S DISCUSSION

On August 3, 2010, Congress enacted and the President signed into law the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372. The Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for [cocaine base] trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." Dorsey v. United States, 567 U.S. 260, 269 (2012) (citing Fair Sentencing Act § 2(a), 124 Stat. at 2372). The statute also eliminated the mandatory minimum sentence for possession of a quantity of cocaine base. Fair Sentencing Act § 3, 124 Stat. at 2372. The Fair Sentencing Act, however, did not apply retroactively to defendants sentenced before August 3,

2010. See United States v. Black, 737 F.3d 280, 287 (4th Cir. 2013); United States v. Bullard, 645 F.3d 237, 249 (4th Cir. 2011).

The First Step Act of 2018 ("First Step Act") makes the provisions of the Fair Sentencing Act described above retroactively applicable to defendants who committed their offenses before August 3, 2010. Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222; United States v. Gravatt, 953 F.3d 258, 260 (4th Cir. 2020). Section 404 of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b). The term "covered offense" means "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. § 404(a).

The court has discretion to deny relief under the Act even if the defendant meets the eligibility criteria. Id. § 404(c). Finally, the court may not impose a reduced sentence for defendants whose sentences previously were imposed or reduced in accordance with the Fair Sentencing Act, or if the defendant previously moved for relief under the First Step Act and the court denied motion on the merits. Id.

Here, defendant is eligible for relief where the statutory penalties for conspiracy to possess with the intent to distribute and distribute 50 grams or more of cocaine base were modified by section 2 of the Fair Sentencing Act, defendant committed the offense before August 3, 2010, and he is not otherwise excluded from seeking relief under the Act. First Step Act § 404(a); Gravatt, 953 F.3d at 259-60 (discussing changes to statutory penalties under the Fair Sentencing Act and holding conviction under 21 U.S.C. § 841(a)(1) that involves both cocaine base and another controlled substance is a covered offense under the First Step Act provided that the remaining

3

§ 404(a) eligibility criteria are satisfied).[1] The court thus turns to whether it should exercise its discretion to reduce defendant's sentence.

The First Step Act does not alter the Guidelines range the court applied when it reduced defendant's sentence in accordance with Amendment 782 to the Guidelines on February 18, 2016. (See PSR Modification (DE 312)). Defendant argues the court should vary downwardly from the Guidelines based upon the 18 U.S.C. § 3553(a) factors, particularly defendant's post-sentencing conduct. The court, however, must balance defendant's post-sentencing conduct against the factors that justified defendant's sentence in the first instance. Defendant distributed 15 kilograms of cocaine base and 14 kilograms of cocaine in this district, and possessed a dangerous weapon while engaging in drug trafficking. (PSR (DE 107) ¶¶ 16-20).[2] As discussed above,

---

[1] The government argues defendant is ineligible for relief where the court purportedly sentenced him in accordance with the revised statutory penalties under the Fair Sentencing Act. (Resp. (DE 306) at 4-5). As noted above, the First Step Act provides that "no court shall entertain a motion made under [§ 404 of the Act] to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act." § 404(c). Although defendant was sentenced after enactment of the Fair Sentencing Act, the record does not establish defendant's sentence "was previously imposed . . . in accordance with the amendments made by" the Fair Sentencing Act. The court did not inform defendant of the revised statutory penalties in a formal arraignment or address specifically the Fair Sentencing Act at defendant's sentencing hearing. (See Sentencing Tr. (DE 126)). In fact, the court stated at sentencing that the statutory mandatory minimum was 120 months' imprisonment, which is the pre-Fair Sentencing Act penalty for conspiracy to distribute 50 grams of cocaine base. See Dorsey, 567 U.S. at 269; (Sentencing Tr. (DE 126) at 4). Although defendant remained subject to that mandatory minimum due to the amount of cocaine powder charged in the indictment, the court did not explain that the mandatory minimum for the cocaine base offense was reduced. As defendant notes, the judgment of conviction also suggests defendant was sentenced using the pre-Fair Sentencing Act drug quantities and penalties. (See DE 112 (identifying defendant's offense as conspiracy to distribute 50 grams or more of cocaine base)). Accordingly, the government has failed to establish that defendant is ineligible for relief under § 404(c) of the First Step Act.

[2] Defendant contests the drug quantity attributed to him at sentencing, arguing the court found the total amount of cocaine powder at issue is 2,551.5 grams. (See Sentencing Tr. (DE 126) at 10). The court stated at sentencing that "the totality of the circumstances suggest that the court can find by a preponderance of the evidence – and I do so find – that the amount at issue, that is, 15,309 grams of cocaine base and 2,551.5 grams of cocaine properly were determined." (Id.). This statement, however, was made in the limited context of overruling an objection to that specific drug quantity. (See id. at 5-10; see also PSR Objections (DE 107) at 16). The court did not find the total amount of cocaine powder at issue in the case was only 2,551.5 grams. In fact, defendant did not object to the 10,000 grams of cocaine powder attributed to him in paragraph 17 of the report. (See PSR Objections (DE 107) at 16-17). And where the court stated the total offense level was 38 and the Guidelines range was 262 to 327 months' imprisonment, (see Sentencing Tr. (DE 126) at 4, 12), and finding of 14 kilograms of cocaine powder was necessary for that determination, (see PSR (DE 107) ¶ 47), the record does not support defendant's argument.

4

defendant's criminal history includes numerous convictions for drug trafficking and drug possession, and multiple instances of failure to comply with the terms of probation. (See id. ¶¶ 23-31). Defendant's current sentence of 243 months' imprisonment is fully justified by his offense conduct and criminal history.

With respect to defendant's post-sentencing conduct, defendant was 21 years old when the court sentenced him and he now has been in custody over 10 years, during which time he has earned over 460 days of good time credit, obtained his GED, and completed or participated in a number of educational and vocational training classes. (Reply Exs. A, B (DE 311-1, 311-2)). He has satisfied his financial obligations and maintained employment as an orderly. (Reply Ex. B (DE 311-2)). Defendant, however, has sustained disciplinary infractions for possessing a cell phone in 2017, and using drugs and alcohol in 2019 (the year he filed the instant motion). (PSR Modification (DE 312)). Defendant's continued involvement with drugs and alcohol in a controlled custodial setting indicates that he remains involved in criminal activity and weighs against a downward variance, particularly in light of the offense conduct at issue.

While the court commends defendant for his record of achievement in custody, his post-sentencing conduct and remaining arguments do not justify a downward variance in light of his offense conduct, criminal history, and disciplinary infractions. Having evaluated the instant motions under the § 3553(a) factors, the court finds the current sentence remains necessary to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and to protect the public from further crimes.

Defendant also moves for compassionate release based on his recent COVID-19 diagnosis. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted

5

all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See First Step Act § 603, 132 Stat. at 5239. The court may reduce defendant's term of imprisonment if, after consideration of the § 3553(a) factors, it finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).[3]

Assuming without deciding that defendant's medical conditions and his COVID-19 diagnosis constitute extraordinary and compelling circumstances,[4] the § 3553(a) factors do not justify release for the reasons set forth above. See United States v. McCoy, __ F.3d __, 2020 WL 7050097, at *2 (4th Cir. 2020) (stating that § 3582(c)(1)(A) requires district courts to determine "if the § 3553(a) factors merit [compassionate release]"); see also United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020) (explaining district court may deny motion for compassionate release based on the § 3553(a) factors even if defendant establishes extraordinary and compelling reasons for release).

## CONCLUSION

Based on the foregoing, defendant's motions for reduction of sentence pursuant to the First Step Act (DE 292, 305) and for compassionate release (DE 335) are DENIED.

---

[3] The statute also permits compassionate release for certain elderly offenders who no longer pose a danger to the safety of others or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is not applicable to defendant.

[4] The government does not argue that defendant failed to exhaust administrative remedies.

6

SO ORDERED, this the 22nd day of December, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge