UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              Docket No. 5:09-CR-00259 (FL)

DONTE MONTRELL JONES,

    Defendant.

_____/

## MOTION TO MODIFY SENTENCE, UNDER FIRST STEP ACT OF 2018

NOW COMES Defendant, DONTE MONTRELL JONES, appearing *pro se*, and submits this Motion to Modify his Sentence under the First Step Act of 2018, and for the appointment of counsel. For the reasons that follow, this motion should be granted.

### I.     BACKGROUND AND RELEVANT FACTS.

On September 11, 2009, a grand jury sitting in the Eastern District of North Carolina returned an indictment charging this Defendant with, *inter alia,* conspiracy to distribute cocaine base and cocaine, in violation of 21 U.S.C. 846. On November 3, 2009, on the advice of counsel and pursuant to a written plea agreement, Defendant entered a plea of guilty to the conspiracy offense. On January 21, 2011, Defendant was sentenced to 303 months imprisonment. A timely appeal was taken.

However, on August 8, 2011, the appeal was dismissed after a motion by the Government. Defendant later unsuccessfully, moved to vacate sentence under 28 U.S.C. 2255. On February 18, 2016, the 303-month term of imprisonment was modified/reduced by the Court to 243 months imprisonment. On April 1, 2019, Defendant moved to modify his sentence under Section 404 of the First Step Act of 2018. The Court appointed counsel, and subsequently denied that motion. However, in denying the motion, the Court did not recalculate Defendant's Sentencing Guidelines and did not correct error committed in imposing the original sentence. Subsequent to denying the previous First Step Act motion, the Fourth Circuit issued a precedential ruling in *United States v. Collington, No. 19-6721,\_\_\_F.3d\_\_\_, 2021 WL 1608756 (4th Cir. Apr. 26, 2021),* where it held that district courts are now required to "accurately recalculate the Guideline sentence range" and "correct original Guideline errors and apply intervening case law made retroactive to the original sentence" when considering First Step Act motions.

Defendant is currently serving his sentence at F.C.I. Fort Dix, and his sentence has been rendered more onerous than conceivably anticipated by the Court when the sentence was imposed, inasmuch as he had contracted COVID-19 (with complications) and remain at a heightened risk for re-infection amid deplorable conditions of confinement.

-2-

## II. ARGUMENTS.

### AFTER RECALCULATING THE DEFENDANT'S APPLICABLE GUIDELINE RANGE, CORRECTING ERRORS IN THE PRIOR CALCULATION, AND APPLYING INTERVENING CHANGES IN THE LAW, THE COURT SHOULD MODIFY DEFENDANT'S TERMS OF IMPRISONMENT UNDER THE "FIRST STEP ACT"

The Court previously determined that Defendant was convicted of a "covered offense" under the First Step Act of 2018, and that he was eligible for a sentence modification. However, the Court declined to award such a modification. However, in declining relief, the Court neither recalculated Defendant's Guideline sentencing range, nor did the Court apply any changes in the law, as required by *Collington*, which was subsequently decided. *See also, United States v. Lancaster, No. 20-6571, 2021 WL 1823287 (4th Cir. May 7, 2021)*.

Indeed, in light of Congress's expressed intent (with the enactment of the Fair Sentencing Act) that defendants convicted for cocaine base and cocaine offenses be sentenced identically in terms of quantity – i.e., effectively acknowledging the racial disparity between cocaine powder and cocaine base offenses, by abolishing the 100-to-1 ratio disparity. Thus, if sentenced today, the Defendant would be entitled to a variance that exposes him to the same punishment he would face if the instant offense involved approximately 29 kilograms of cocaine powder (i.e., a base offense level of 32) which would have produced a significantly lower sentence.

### III. CONCLUSION.

In view of the foregoing, Defendant respectfully requests that the Court promptly appoint counsel to represent him in this matter, and that the Court schedule this matter for an evidentiary hearing, and/or issue an order modifying the term of imprisonment after correctly recalculating his Guideline sentence range and applying all intervening changes in the law.

**WHEREFORE,** Defendant prays that the Court will grant this motion, in its entirety.

Dated: Fort Dix, New Jersey
      **June 7, 2021**

Respectfully submitted,

*Donte Montrell Jones*

**Donte Montrell Jones**

**DONTE MONTRELL JONES**
**REGISTER NO. 51828-056**
**F.C.I. FORT DIX (WEST)**
**P.O. BOX 2000**
**JOINT BASE MDL, NEW JERSEY 08640**

-4-

## IV. CERTIFICATE OF SERVICE

This shall serve to certify that the undersigned has served/caused to be served upon the Office of the United States Attorney for the Eastern District of North Carolina (Tobin W. Lathan, AUSA), at 150 Fayetteville Street, Raleigh, NC 27607, by first class mail, and email: toby.lathan@usdoj.gov, on this 7th day of June, 2021, a true and correct copy of the annexed emergency motion for compassionate release.

*Donte Montrell Jones*

_____
DONTE MONTRELL JONES