**FILED**

APR 0 6 2022

PETER A. MOORE, JR. CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

IN THE UNITED STATES DISTRICT COURT
Eastern District Of North Carolina
Western Division

United States Of America,
    Plaintiff,

v.                                    Docket No.5;09-CR-00259(FL)

Donte Montrell Jones,
    Defendant.
_____/

## MOTION TO MODIFY TERM OF IMPRISONMENT,PURSUANT TO TITLE 18 UNITED STATES CODE, SECTION 3582(c)(1)(A)

NOW COMES Defendant, Donte Montrell Jones, appearing pro se, and submits this Motion to Modify his Term of Imprisonment, pursuant to 18 U.S.C 3582 (c)(1)(A) and for the appointment of counsel, For the reasons that follow, this motion should be granted.

I. BACKGROUND AND RELEVANT FACTS.

On September 11, 2009, a grand jury returned an indictment charging this Defendant with inter alia, conspiracy to distribute cocaine base and cocaine in violation of 21 U.S.C. 846. On November 3, 2009, on the advise of counsel and pursuant to a written plea agreement, Defendant entered a plea of guilty to the conspiracy offense. On January 21, 2011, Defendant was sentenced to 303 months. On Fenruary 18, 2016, the 303 month term of imprisonment was modified/reduced by the Court to 243 months imprisonment. On April 1, 2019, Defendant moved to modify his sentence under Section 404 of the First Step Act of 2018. The Court appointed counsel, and subsequently denied that motion. However, in denying the motion, the Court did not recalculate Defendant's Sentencing Guidelines and did not correct error committed in imposing the

original sentence. Subsequent to denying the previous First Step Act motion, the Fourth Circuit issued a precedential ruling in United State v Collington, 995 F.3d 1147 (4th Cir, 2021), where it held that district courts are now required to "accurately recalculate the Guidelnes sentence range" and "correct original Guideline errors and apply intervening case law made retroactive to the original sentence" when considering First Step Act motions.

Defendant is currently serving his sentence at F.C.I Fort Dix. He now moves this Court to modify the term of imprisonment based on the existence of extraordinary and compelling reasons that warrant such a modification-i,e., the district court's failure to properly recalculate his sentence when it denied his previous motion to modify his sentence First Step Act of 2018, Section 404(b). For the reasons stated herenafter, this motion should be granted.

II. ARGUMENTS.

THERE ARE EXTRAORDINARY AND COMPELLING REASONS
TO MODIFY THE TERM OF IMPRISONMENT(i.e., THE COURT
FAILED TO RECALCULATE THE APPLICABLE GUIDELINE
RANGE, CORRECT ERRORS IN THE PRIOR CALCULATIONS
OR TO APPLY ANY INTERVENING CHANGES IN THE LAW

The Court previously determined that Defendant was convicted of a "covered offense" under the First Step Act of 2018, and that he was eligible for a sentence modification. However, the Court declined to award such a modification. However, in declining relief, the Court neither recalculated Defendant's Guideline sentencing range, nor did the Court apply any changes in the law, as required by Collington, which was subsequently decided. Indeed, in light of Congress's expressed intent (with the enactment of the

Fair Sentencing Act that defendants convicted for cocaine base and cocaine offenses be sentenced identically in terms of quanityt-i.e., effectively acknowledging the racial disparity between cocaine powder and cocaine base offesnes, by abolishing the 100-to-1 ratio disparity. Thus, if sentenced today, the Defendant would be entitled to a variance that exposed him to the same punishment he would face if the instant offense involved approximately 29 kilograms of cocaine powder(i.e., a base offense level of 32) which would have produced a significantly lower sentence.

## CONCLUSION.

In view of the foregoing, Defendant respectfully request that the Court promptly appoint counsel to represent him in this matter, and that the Court schedule this matter for an evidentiary hearing, and/or issue an order modifying the term of imprisonment after correctly recalculating his Guideline sentence range and applying all intervening changes in the law.

WHEREFORE, Defendant prays that the Court will grant this motion, in its entirety.

Dated;Fort Dix,New Jersey

March 23,2022

## IV. CERTIFICATE OF SERVICE

This shall serve to certify that the undersigned has served/caused to be served upon the office of the United States attorney for the Eastern District of North Carolina.

Respectfully submitted,

_Donte Montrell Jones_ 3-23-2022
Donte Montrell Jones

3